IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
DEUTSCHE BANK TRUST COMPANY
AMERICAS AS TRUSTEE RALI
2006QA5,
Respondent.

No. 78335

**FILED**

MAR 1 0 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal of a district court summary judgment in a real property action.[1] Eighth Judicial District Court, Clark County; Gloria Sturman, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate and remand.

In *9352 Cranesbill Trust v. Wells Fargo Bank, N.A.*, 136 Nev. 76, 78-79, 459 P.3d 227, 230 (2020), this court held that payments made by a homeowner could cure the default on the superpriority portion of an HOA lien such that the HOA's foreclosure sale would not extinguish the first deed of trust on the subject property. Whether a homeowner's payments actually cure a superpriority default, however, depends upon the actions and intent

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-06193

of the homeowner and the HOA and, if those cannot be determined, upon the district court's assessment of justice and equity. *See id.* at 80, 459 P.3d at 231 (explaining that "[i]f neither the debtor nor the creditor makes a specific application of the payment, then it falls to the [district] court to determine how to apply the payment").

In this case, the district court correctly determined that the homeowner's payments could cure the default on the superpriority portion of the HOA's lien.[2] However, the district court erred in concluding that the homeowner's payments cured the superpriority default without analyzing the intent of the homeowner and HOA and, if appropriate, the equities as discussed in *9352 Cranesbill*. While we recognize that the district court did not have the benefit of that opinion when entering its decision in this matter, we still must vacate the summary judgment and remand for further proceedings in line with that opinion. And we decline to address appellant's arguments regarding the admissibility of evidence, and whether the superpriority lien included nuisance and abatement charges, as we have already determined that the district court's judgment must be vacated and

---

[2]Appellant argues that respondent waived the issue of payment by not raising it in the pleadings. But "fairness dictates that we consider [the] arguments regarding payment [regardless], as those arguments are crucial for determining whether the sale was void." *Resources Grp., LLC v. Nev. Ass'n Servs., Inc.*, 135 Nev. 48, 53 n.5, 437 P.3d 154, 159 n.5 (2019) (addressing whether a party waived a payment argument by not raising it in the pleadings). And no prejudice follows because appellant bid on the property at the foreclosure sale at its peril and, therefore, is not entitled to a windfall if the sale is void. *See id.*

the case remanded for further proceedings based on *9352 Cranesbill Trust*. In light of the foregoing, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Gloria Sturman, District Judge
Carolyn Worrell, Settlement Judge
Kim Gilbert Ebron
Wright, Finlay & Zak, LLP/Las Vegas
Leach Kern Gruchow Anderson Song/Las Vegas
Eighth District Court Clerk